IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| RONNIE DEAN BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 121-084 |
| ) | (Formerly CR 119-111) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at the Williamsburg Federal Correctional Institute in Salters, South Carolina, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Respondent moves to dismiss the § 2255 motion. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 5), Petitioner's § 2255 motion be **DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

II.  **BACKGROUND**

    A.  **Indictment**

On September 12, 2019, a grand jury in the Southern District of Georgia issued an indictment charging Petitioner with bank robbery in Counts One and Three, use of a firearm in furtherance of a crime of violence in Counts Two and Four, and possession of firearms by a prohibited person in Count Five. United States v. Brown, CR 119-111, doc. no. 1 (S.D. Ga. Oct. 22, 2020) (hereinafter "CR 119-111"). Counts One and Three carried maximum

prison terms of twenty-five years, Counts Two and Four carried minimum prison terms of seven years and maximum prison terms of life, and Count Five carried a maximum prison term of ten years.  Id., doc. no. 2.  The Court appointed A. Brooke Jennings as Petitioner's counsel.  Id., doc. no. 14.

### B. Guilty Plea

On June 11, 2020, Petitioner appeared with counsel and pleaded guilty to Counts One, Three, Four, and Five.  See generally CR 119-111, doc. no. 139, ("Rule 11 Tr.").  The written plea agreement identified the elements of each count, including the following elements for the Count Five offense of possession of a firearm by a convicted felon: "(1) that Defendant knowingly possessed a firearm in or affecting commerce; and (2) that, before possessing the firearm, Defendant had been convicted of a felony, that is, a crime punishable by imprisonment for more than one year."  CR 119-111, doc. no. 90, ("Plea Agreement"), p. 4.  In exchange for the guilty plea, the government agreed to not object to a recommendation for a two-level reduction for acceptance of responsibility and move for an additional one-level reduction under the Sentencing Guidelines if Petitioner's offense level was sixteen or greater prior to the acceptance of responsibility reduction.  Id. at 6-7.

The Plea Agreement contained the following factual basis for Petitioner's guilty plea:

> On or about December 30, 2017, in Richmond County, within the Southern District of Georgia, the defendant, **RONNIE DEAN BROWN, a/ka "MAN"**, by force and violence and by intimidation, did knowingly take from the person and presence of employees of Fifth Third Bank, 2756 Peach Orchard Road, Augusta, Georgia, United States currency, belonging to and in the care, custody, control, management, and possession of said bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing said offense, the defendant did assault and did put in jeopardy the lives of said employees by means and use of a dangerous weapon, that is, a firearm.  All in violation of Title 18, United States Code, Sections 2113(a) and 2113(d) . . . .

>On or about January 16, 2018, in Richmond County, within the Southern District of Georgia, the defendant, **RONNIE DEAN BROWN, a/ka "MAN"**, aided and abetted by others, by force and violence and by intimidation, did knowingly take from the person and presence of employees of Fifth Third Bank, 3007 Pine Needle Road, Augusta, Georgia, United States currency, belonging to and in the care, custody, control, management, and possession of said bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing said offense, the defendant did assault and did put in jeopardy the lives of said employees by means and use of a dangerous weapon, that is, a firearm. AU in violation of Title 18, United States Code, Sections 2113(a), 2113(d) . . . .
>
>On or about January 16, 2018, in Richmond County, within the Southern District, the defendant, **RONNIE DEAN BROWN, a/ka "MAN"**, aided and abetted by others, did knowingly carry, use, and brandish a firearm, to wit: a handgun, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit: Bank Robbery, in violation of Title 18, United States Code, Sections 2113(a) and 2113(d), as charged in Count 3 of the Indictment. All in violation of Title 18, United States Code, Sections 924(c) . . . .
>
>On or about January 16, 2018, in Richmond County, within the Southern District of Georgia, the defendant, **RONNIE DEAN BROWN, a/ka "MAN"**, knowing he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed the following firearms, to wit, a Smith & Wesson, Model M&P 9, 9mm handgun, and a Hi-Point, Model C9, 9mm handgun, and the firearms were in and affecting interstate and foreign commerce. All in violation of Title 18, United States Code, Section 922(g)(1).

Id. at 2-4. With his signature on the Plea Agreement, Petitioner "stipulate[d] that the factual basis set out therein is true and accurate in every respect." Id. at 15.

By signing the Plea Agreement, Petitioner also "entirely waive[d] his right to a direct appeal of his conviction and sentence on any ground" unless the Court (1) sentenced him above the statutory maximum, (2) sentenced him above the advisory Sentencing Guidelines range, or (3) the government appealed the sentence. Id. at 10-11. Absent one of those three conditions, "[Petitioner] explicitly and irrevocably instruct[ed] his attorney not to file an

appeal." Id. Further, Petitioner waived his right to collaterally attack his conviction and sentence on any ground other than ineffective assistance of counsel. Id. at 11. By signing the Plea Agreement, Petitioner additionally attested Ms. Jennings had "represented him faithfully, skillfully, and diligently, and [Petitioner] is completely satisfied with the legal advice given and the work performed by his attorney." Id. at 12.

At the change of plea, Chief United States District Judge J. Randal Hall found Petitioner was competent to enter a guilty plea if he so desired. Rule 11 Tr., p. 25. Petitioner testified under oath he had sufficient time to discuss his case with Ms. Jennings and was satisfied with counsel's preparation and handling of the case. Id. at 10. Judge Hall reviewed the charges to which Petitioner was pleading guilty and the maximum prison terms for each charge. Id. at 10, 15, 22.

Judge Hall explained the rights Petitioner would be waiving by pleading guilty, and Petitioner affirmed he clearly understood those rights. Among the list of rights explained, Judge Hall reviewed the right to trial by jury, the presumption of innocence, the government's burden of proof, the right to present and cross-examine witnesses, and the right to remain silent. Id. at 11-13. Petitioner confirmed no one had forced, threatened, or pressured him into pleading guilty. Id. at 7. In addition, Judge Hall reviewed the appeal waiver and its limited exceptions, as well as the collateral attack waiver. Id. at 14. Further, Judge Hall confirmed that, other than the promises the government made in the Plea Agreement, no one had made him any promises in order to get him to plead guilty; Petitioner affirmed that no one had given him any promise, prediction, or prophecy as to the sentence that would be imposed. Id. at 13, 18, 25.

Judge Hall heard a factual basis for the guilty plea from Alejandro Pascual, Assistant

4

United States Attorney. Mr. Pascual described the Richmond County Sheriff's Office's response to a bank robbery at the Fifth Third Bank on Pine Needle Road in Augusta, Georgia which took place on January 16, 2018. Witnesses described two males, one of which was later discovered to be Petitioner, enter the bank and demand money while armed and masked. They obtained approximately $2,800 in cash and fled the scene. Police located the abandoned vehicle. Near the vehicle, police found two handguns and a bag of clothing "consistent with what the robbers were reported wearing." Id. at 20-21.

Petitioner was a convicted felon since 2004, with his most recent felony being a guilty plea to possession of a firearm by a convicted felon in 2015, where he was sentenced to more than one year. Id. at 22; CR 119-111, doc. no. 104-1 ("PSI") ¶¶ 51-59. Petitioner did not have any disagreement with the testimony of Mr. Pascual and confirmed he was guilty of, and wanted to plead to, Counts One, Three, Four, and Five of the indictment. Rule 11 Tr., pp. 22-23.

### A. Sentencing

The United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at twenty-eight, Criminal History Category at VI, and Guidelines imprisonment range at 140 to 175 months plus an additional consecutive 84 months of imprisonment. PSI ¶¶ 48, 62, 89. The criminal history section listed nine prior arrests and convictions ranging from driving while license suspended to robbery. Id. ¶¶ 51-59.

The U.S. Probation Office did not recommend any credit for acceptance of responsibility in the PSI because, while at the Jefferson County Jail awaiting sentencing, Petitioner was charged with robbery by force and aggravated battery of a fellow inmate, who

suffered serious injury as a result of the assault. PSI ¶¶ 48, 64. The government filed no objections to the PSI. CR 119-111, doc. no. 104-2 ("PSI Add."), p. 1. Petitioner objected to denial of credit for acceptance of responsibility, to which the probation office responded by reaffirming its position Petitioner did not qualify. PSI Add., pp. 1-2. When Judge Hall brought up the objection at the sentencing hearing, defense counsel informed the Court they had "resolved that objection." CR 119-111, doc. no. 119, ("Sent. Tr."), p. 3. Judge Hall imposed a total term of imprisonment of 252 months, with 168 months to be served on Counts One and Three, 120 months to be served concurrently on Count Five, and a consecutive 84 months to be served on Count Four. CR 119-111, doc. no. 108, p. 2. Consistent with the Plea Agreement and Post-Conviction Consultation Certification, Petitioner did not file a direct appeal. CR 119-111, doc. nos. 90, 110.

**D.    § 2255 motion**

On May 21, 2021, Petitioner filed the instant § 2255 motion to vacate, set aside or correct his sentence, claiming ineffective assistance of counsel. (Doc. no. 1.) Petitioner alleges his counsel (1) erroneously advised him to withdraw objections to the PSI's denial of acceptance of responsibility credit; and (2) failed to make him aware of the government's burden of proof for the felon-in-possession-of-a-firearm charge before pleading guilty to Count Five. (Id. at 4-5.) Petitioner does not challenge his other convictions in his motion.

## II. DISCUSSION

### A. Petitioner's Heavy Burden Under <u>Strickland v. Washington</u> To Establish Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are subject to the two-part test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>See</u> <u>Massaro v. United States</u>, 538 U.S. 500, 505 (2003); <u>United States v. Armstrong</u>, 546 F. App'x 936, 940 (11th Cir. 2013). Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 688. In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." <u>Hagins v. United States</u>, 267 F.3d 1202, 1204-05 (11th Cir. 2001). The purpose of this review is not to grade counsel's performance because, of course, every lawyer "could have done something more or different . . . . But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" <u>Chandler v. United States</u>, 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*).

Because no absolute rules dictate reasonableness, counsel has no duty to investigate particular facts or defenses. <u>Id.</u> at 1317. Counsel is not required to "pursue every path until it bears fruit or until all available hope withers." <u>Puiatti v. Sec'y, Fla. Dep't of Corr.</u>, 732 F.3d 1255, 1280 (11th Cir. 2013) (quoting <u>Foster v. Dugger</u>, 823 F.2d 402, 405 (11th Cir. 1987)). Strategic decisions are entitled to a "heavy measure of deference." <u>Strickland</u>, 466 U.S. at 691.

"Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." <u>Fugate v. Head</u>, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do

with what the best lawyers would have done.  Nor is the test even what most good lawyers would have done.  We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted . . . ."  Ward v. Bowen, 592 F.3d 1144, 1164 (11th Cir. 2010) (citing Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995)).  The Court must resist "using the distorting effects of hindsight and must evaluate the reasonableness of counsel's performance from counsel's perspective at the time."  Chandler, 218 F.3d at 1316; see also Waters, 46 F.3d at 1514 ("The widespread use of the tactic of attacking trial counsel by showing what might have been proves that nothing is clearer than hindsight – except perhaps the rule that we will not judge trial counsel's performance through hindsight.")

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697; see Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1301 (11th Cir. 2013).  Under the prejudice prong of Strickland, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.  Moreover, "a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client."  United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) (*per curiam*) (citing Strickland, 466 U.S. at 692-93); see also United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000).

A petitioner must affirmatively prove prejudice that would undermine the results of the proceedings because "attorney errors come in an infinite variety and are as likely to be

8

utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations and internal quotations omitted). The Court must examine the entirety of counsel's performance and the effect of such "in light of the record as a whole to determine whether it was reasonably probable that the outcome would have been different." Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989).

### B. Ground One Forms No Basis for Relief

Petitioner claims Ms. Jennings erroneously advised him to withdraw his objection to the U.S. Probation Office's decision not to recommend acceptance of responsibility credit.[1] (Doc. no. 1, p. 5). Petitioner alleges Ms. Jennings conferred with the prosecution before sentencing and advised Petitioner to withdraw the objection because Judge Hall "would most likely give [Petitioner] the max" sentence if he watched video of Petitioner's assault and robbery of a fellow inmate. (Doc. no. 1, p. 13.) Petitioner argues Ms. Jennings' advice denied him "of his right" to acceptance of responsibility credit, and the Court could not have considered the jail assault and robbery because it was unrelated and he had not yet been convicted of those offenses. (Doc. no. 8, pp. 2-4.)

Under U.S.S.G. § 3E1.1, a defendant may obtain a two-point reduction for acceptance of responsibility if he "clearly demonstrates acceptance of responsibility for his offense," and

---

[1] Petitioner argues Ms. Jennings advised him to "waive [his] 3 level reduction," which mistakenly implies Petitioner had an absolute right to such a reduction that he could waive. (Doc. no. 1, p. 13.) The plea agreement obligated the government to move for a one-level reduction only if the U.S. Probation Office recommended a two-level reduction for acceptance of responsibility. Plea Agreement, pp. 6-7. Nothing in the Plea Agreement obligated the U.S. Probation Office to make such a recommendation, nor could the parties obligate the Probation Office in such a manner.

may obtain an additional one-point reduction if the government requests it. However, the comments to § 3E1.1 explain that (1) the sentencing judge is in a unique position to evaluate acceptance of responsibility, (2) a defendant who enters a guilty plea is not entitled to a reduction as a matter of right, and (3) the sentencing judge's determination is "entitled to great deference." U.S.S.G. § 3E1.1 cmts. 3, 5; see also United States v. Gonzalez, 524 F. App'x 557, 561 (11th Cir. 2013).

Appropriate considerations by the sentencing judge include but are not limited to truthfully admitting offense conduct and "voluntary termination or withdrawal from criminal conduct or associations." U.S.S.G. § 3E1.1 cmt. 1; see also United States v. Pace, 17 F.3d 341, 343 (11th Cir. 1994). Although "a guilty plea is 'significant evidence of acceptance of responsibility,' [it] may be outweighed if the defendant acts in a manner that is inconsistent with acceptance of responsibility." United States v. Cepero, 338 F. App'x 834, 835 (11th Cir. 2009). "A wide range of evidence may be considered in determining if the defendant recognizes the wrongfulness of his conduct, has remorse for the consequences, and is willing to turn away from that conduct in the future." United States v. Raimondi, 620 F. App'x 803, 805 (11th Cir. 2015) (citing United States v. Scroggins, 880 F.2d 1204, 1215-16 (11th Cir. 1989)).

Contrary to Petitioner's arguments, the sentencing judge may consider subsequent criminal conduct, even if unrelated to the offense of conviction, and the consideration is not limited to criminal behavior resulting in a conviction. See, e.g. Pace, 17 F.3d at 343-44 (denying acceptance of responsibility based on positive drug test on day of sentencing, which violated bond term for pretrial release); United States v. Jordan, 190 F. App'x 894, 897 (11th Cir. 2006) (rejecting argument defendant was improperly denied acceptance of responsibility

reduction based on pending state charges for robbery committed after guilty plea but before sentencing). In fact, as has been previously recognized in this District, the decision by prosecuting officials to drop a pending charge would not necessarily negate a finding by the sentencing court that criminal activity had occurred. United States v. Harrell, CR 312-003, doc. no. 858 (S.D. Ga. Sept. 9, 2015) (Bowen, J.) (rejecting claim for restoration of credit for acceptance of responsibility despite charge for conduct being nolle prossed).

While Petitioner argues there was no "guarantee that the district court judge would have opted to deny [Petitioner] of the three levels for acceptance of responsibility," he cannot establish a reasonable probability Judge Hall would have granted the credit if Petitioner had maintained the objection. See Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) ("Conclusory allegations of ineffective assistance are insufficient.") (citation omitted). Indeed, his objection to the PSI makes no mention of the disciplinary actions and charges Judge Hall cited during sentencing, see PSI Add., pp. 2-3, and Petitioner's legal arguments in favor of credit – specifically that he has a right to credit and the Court cannot consider unrelated pending charges – are incorrect.

Nor can it be said Ms. Jennings was ineffective in advising Defendant to withdraw his objection to the PSI to avoid Judge Hall viewing video footage of Petitioner's brutal assault of the victim inmate, which resulted in broken bones. Avoiding such unpleasantries at the critical juncture of sentencing is arguably sound advice and certainly not the type of strategic move that falls below the bare minimum standard of reasonableness necessary to show constitutionally deficient performance. See, e.g. Vasquez v. United States, CR 413-127, 2016 WL 4186716, at *4 (S.D. Ga. Aug. 5, 2016) (failing to object to discretionary denial of acceptance of responsibility credit "does not constitute deficient performance"), *adopted by*,

CR 413-127, 2016 WL 7493971 (S.D. Ga. Dec. 30, 2016). Petitioner's claim for ineffective assistance of counsel in Ground One fails.

### C.     Ground Two Forms No Basis for Relief

Petitioner claims that, had Ms. Jennings informed him of the government's burden of proof as to Count Five, possession of firearms by a prohibited person, he would have never pleaded guilty to Count Five because he was unaware he belonged to a category of persons prohibited from possessing a firearm. The Court need not inquire into whether counsel's performance was deficient because Petitioner's claim does not establish prejudice. Strickland, 466 U.S. at 697. Contrary to his statement that he "did not do so (possess) said firearm knowing that [he] fell within the prohibited persons category," the record establishes Petitioner knew he had been convicted of a crime punishable by more than one year in prison, and Petitioner was charged, convicted, and sentenced in accordance with Rehaif v. United States, 139 S. Ct. 2191 (2019). Whatever failure, if any, on the part of counsel to inform Plaintiff of the government's burden of proof is nonprejudicial.

In Rehaif, the Supreme Court held that in a felon in possession prosecution "under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif, 139 S. Ct. at 2200. Prior to this 2019 decision, the government was not required "to satisfy a mens rea requirement with respect to the status element of § 922." United States v. Rehaif, 888 F.3d 1138, 1144 (11th Cir. 2018), *rev'd and remanded*, 139 S. Ct. 2191.

The Supreme Court decided Rehaif in June 2019, months before the indictment was filed against Petitioner on September 12, 2019. Petitioner's indictment contained the

required elements of 18 U.S.C § 922(g)(1), including the Rehaif requirement that Petitioner knew he was a convicted felon. CR 119-111, doc. no. 1, p. 4. Petitioner was informed of these elements again in the plea agreement, and he affirmed by signing the agreement that, "knowing he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, [he] knowingly possessed the following firearms." Plea Agreement, p. 4. At the change of plea hearing, Judge Hall informed Petitioner in clear terms of the charge to which he was pleading guilty including the element that "before you possessed that firearm you had been convicted of a felony and you knew you were a convicted felon," and Petitioner testified he understood the charges. Rule 11 Tr., p. 19. At the end of the hearing, Judge Hall asked a second time whether Petitioner understood his plea included admittance to knowledge of his felon status, which Petitioner testified he understood as much. Id. at 22. Indeed, "[i]f a person is a felon, he ordinally knows he is a felon." Greer v. United States, 141 S. Ct. 2090, 2093 (2021), and, at the time of his change of plea with Judge Hall, Petitioner had a prior conviction for being a felon in possession of a firearm. PSI ¶ 59. Petitioner did not object to any of the information in the PSI, nor did he object at any time when he signed the Plea Agreement designating him a convicted felon, when Judge Hall reviewed the charges at the change of plea hearing, or when Mr. Pascual testified about Petitioner's prior criminal history.

That Petitioner had a prior felony conviction and repeatedly admitted his status as a convicted felon, without ever challenging the designation, shows he knew his status as a felon prior to his federal offense date. See United States v. Reed, 941 F.3d 1018, 1022 (11th Cir. 2019) (citing eight prior felonies, stipulation to felony conviction prior to offense date, and trial testimony to show knowledge of status as felon); United States v. Caldwell, 805 F.

13

App'x 743, 749 (11th Cir. 2020) (*per curiam*). In sum, Petitioner was charged, convicted, and sentenced in accordance with Rehaif. While Petitioner might now claim that he "[does] not recall being advised of such a restriction" and was "never informed [] of the government's burden of proof in regards to 922(g)(1)," the Court clearly advised him. (Doc. no. 1, p. 4.) He was properly sentenced and suffered no prejudice on account of counsel.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 5), Petitioner's § 2255 motion be **DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 4th day of November, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA