IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| RONNIE DEAN BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 121-084 |
| ) | (Formerly CR 119-111) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 15.) Petitioner advances two new arguments in his objections that do not change the outcome.

First, he argues the government was "obligated under specific performance" to advocate for a three-level reduction for acceptance of responsibility, and counsel was ineffective presumably for failing to raise the issue. (Id. at 3.) "The government is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty." United States v. Taylor, 77 F.3d 368, 370 (11th Cir. 1996). "To determine whether the government violated a plea agreement, we look at 'whether the government's conduct is inconsistent with what was reasonably understood by the defendant when entering the plea of guilty.'" United States v. Harley, 545 F. App'x 922, 924 (11th Cir. 2013) (quoting United States v. Nelson, 837 F.2d 1519, 1521-22 (11th Cir. 1988)). Petitioner's plea agreement states in relevant part:

> The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3El.l(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section 3E 1.1(b) of the Sentencing Guidelines based on Defendant's timely notification of his intention to enter a guilty plea.

United States v. Brown, CR 119-111, doc. no. 90, pp. 6-7, (S.D. Ga. June 11, 2020).

Under these plain terms, the probation office determined whether Petitioner qualified for the initial two-level reduction under § 3E1.1. The government's obligation was to refrain from objecting if the probation office decided to recommend the two-level reduction, and to advocate for an additional one-level reduction if Petitioner qualified for the two-level reduction. Because the probation officer did not recommend a two-level reduction, the government's obligations were moot. Because the government did not breach the plea agreement, Petitioner could not have been prejudiced by counsel deciding not to make a meritless objection. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) (*per curiam*) (rejecting ineffective assistance argument because "a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client") (citing Strickland, 466 U.S. at 692-93); see Perry v. United States, CR 606-026, 2011 WL 1479081, at *4 (S.D. Ga. Mar. 31, 2011), *adopted by*, 2011 WL 1479063 (S.D. Ga. Apr. 18, 2011).

Second, Petitioner claims the government failed to include knowledge of felon status as an element of the U.S.C. § 922(g)(1) charge in Count Five of the indictment. (Doc. no. 15, p. 3.) Petitioner is incorrect as the indictment clearly includes the knowledge element in Count Five: "Ronnie Dean Brown . . . knowing [he] had been previously convicted of a crime

punishable by imprisonment for a term exceeding one year . . . ." United States v. Brown, CR 119-111, doc. no. 1, (S.D. Ga. Sep. 19, 2019).

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **GRANTS** Respondent's motion to dismiss, (doc. no. 5), and **DISMISSES** Petitioner's motion filed pursuant to 28 U.S.C. § 2255.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 1ST day of December, 2021, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA